OPINION
Plaintiff-appellant, Antonio Gangale, III, appeals the November 9, 2001 judgment of the Ohio Court of Claims granting defendants-appellees', state of Ohio, Bureau of Motor Vehicles, and the Supreme Court of Ohio's, motion to dismiss. For the following reasons, we affirm the judgment of the trial court.
On August 9, 1999, appellant was arrested in New Philadelphia, Ohio, for operating his bicycle while under the influence of alcohol. Appellant was convicted in New Philadelphia Municipal Court for violating R.C. 4511.19(A)(1). Appellant's conviction resulted in an administrative license suspension. On June 7, 2001, appellant appealed his conviction to the Tuscarawas County Court of Appeals, Fifth Appellate District.
On August 27, 2001, appellant commenced an action in the Ohio Court of Claims against the state of Ohio, Bureau of Motor Vehicles, Patrolman Mike Roden and Captain Robert Everett, both of the Dover Police Department, the New Philadelphia Municipal Court, and the Supreme Court of Ohio. In his complaint, appellant alleged that appellees violated his constitutional rights in the course of his arrest and conviction. Appellant sought damages and punitive damages, reinstatement of his driving rights, reversal of his conviction, and errors corrected in the record.
In a prescreening entry, dated August 28, 2001, the trial court noted that, under R.C. 2743.02(E), only state agencies and instrumentalities could be defendants in an original action in the Court of Claims. As a result, the trial court dismissed Patrolman Roden, Captain Everett, and the New Philadelphia Municipal Court as parties to the action. The trial court also noted that, since punitive damages cannot be awarded by the Court of Claims, appellant's claim for punitive damages was stricken from the complaint.
On September 6, 2001, appellees filed a motion to dismiss for failure to state a claim. On November 9, 2001, the trial court granted appellees' motion to dismiss stating that the court lacked subject matter jurisdiction over appellant's federal and state constitutional claims, and appellate jurisdiction over judgments of the New Philadelphia Municipal Court. It is from this judgment that appellant appeals, assigning the following as errors:
 1. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS FIRST AMENDMENT CONSTITUTIONAL RIGHT of Petitioning the Government For Redress of Grievances when the court of claims dismissing Ptl. Mike Roden, Captain Robert Everett and the New Philadelphia Municipal Court as parties to the action petition Under R.C. 2743.02 (e).
 2. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS FIRST AMENDMENT CONSTITUTIONAL RIGHT of petitioning the government for redress of grievances when the court of claims construed and applied the FILING FEES DOCUMENT "Filing Notice of First Amendment standings /or indigency standing" to The Actual GRIEVANCE Complaint standing of the grievance.
 3. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of redress in court for an injury done him in his good, person and reputation without denial or delay under Article I, Section 1, 16
of the Ohio Constitution and Amendment I to the United States Constitution when the court of claims DISMISSED the action without an [sic] justifiable reason.
 4. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS FIRST AMENDMENT CONSTITUTIONAL RIGHT, SEPARATE OF POWERS, ABUSE OF POWER when the court of claims assistant clerk construed and established policy by "required $ 25.00 filing fee" for a "FILING NOTICE OF REVIEWABLE GRIEVANCES PURSUANT TO FIRST AMENDMENT."
 5. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of justifiable pursuit under Article I, Section 1, 14 16 of the Ohio Constitution and Amendment IV and XIV to the United States Constitution when Patrolman Mike Roden admittedly brought pursuit without cause.
 6. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS INALIENABLE CONSTITUTIONAL RIGHT of free independent life and liberty under Article I, Section 1, of the Ohio Constitution and Preamble to the United States Constitution when the officer negligently force [sic] Antonio C. Gangale of [sic] the road causing a crash and injury.
 7. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL Inalienable Rights, Rights of Conscience of Defending Independent Life under Article I, Section 01, 7 14 of the Ohio Constitution and under Amendment I, IV, V, VI, XIV and Preamble of the United States Constitution when "police officers" (unauthorized institution) entries Mr. Gangale's person, detained and begin [sic] questioning Mr. Gangale.
 8. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL application of rights under Miranda Rights, Article I, Section 10 of the Ohio Constitution and under Amendment VI to the United States Constitution when Patrolman Mike Roden detained, questioned, 1st
arrested, and 2nd arrest of Mr. Gangale.
 9. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL Rights of Conscience of Defending Independent Life Inalienable Rights, Unreasonable Search and Seizer, and standing armies use of improper and strong arm tactics to yield unreasonable arrest under Article I, Section 01, 4, 7 14 of the Ohio Constitution and under Amendment I, IV, V, VI, XIV and Preamble of the United States Constitution when Patrolman Mike Roden orders the Mr. Gangale to stand 30-45 seconds after a crash for failing to have photo ID on his person while riding a bicycle AND after such requires Mr. Gangale to performed [sic] fields sobriety test using his bleeding hands which sustained all impact from the crash.
 10. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Particular Describing Grounds for the Arrest and warranted arrest under Article I, Section 14 of the Ohio Constitution and under Amendment IV, VI and XIV to the United States Constitution when Patrolman Mike Roden arrested Mr. Gangale for "Operating Motor Vehicle while under the influence" on a bicycle power by muscular power.
 11. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of consulting with an Attorney under Miranda Rights Article I, Section 10 of the Ohio Constitution and under Amendment IV, VI and XIV to the United States Constitution when Patrolman Mike Roden detained and denied Mr. Gangale the ability to consult with an attorney at the Police Station upon numerous requests.
 12. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF DUE PROCESS under Article I, Section 1, 4, 7, 10, 14, 16 of the Ohio Constitution and under Amendment 1, IV, V, VI, XIV to the United States Constitution when the police officers (unauthorized business institution) orchestrated an UNKNOWN action proceedings and pronounced judgment while in their custody.
 The Administrative License Suspension came from Law Enforcement, a STANDING institution which is against Constitutional authority to be held in VIOLATION: Article 1 Section 04 of The Ohio Constitution and Article 1 Section 8 CL. 12, and Amendment II of United States Constitution Right. The government created a civil political subdivision (OBMV) with judicial powers and uncontrollable enforcement officers having no requirements of fundamental rights as well as reducing of the burden of the accusation. CIVIL ACTIONS used by government deprives the persons of ALL their fundamental constitutional rights of: Justifiable Probable Cause, Particular Describing Grounds for the Arrest, Consulting with an Attorney Miranda Rights, Citation By Having a Copy thereof, Official Summons, deprived of liberty and property without due process of law, Initial Appearance to be confronted with the charge, "Assistance or inadequate" Counsel for Defense, Speedy Trial, Impartial Court/District, Accusations Supported by Oath Have a Copy thereof-, trial by jury, Right to Bill of Particulars, Judicial Due process, Call Witness and present Evidence in his behalf. Equal Protection, FREE STATE. However, allows for reduction of the burden of such accusation, yields damages of Freedom and property. In which the "authority" orchestrates a civil action claim and pronounced judgment all while in custody. The State has transforming a role of criminal enforcement to civil arbitrary enforcement body. The action just transformed the role of government to a civil power with used "force" of arrest or detainment to yield the civil justice. The Administrative License Suspension CIVIL action's judgment is not monetary in main damages which goes against civil actions. The State seized freedom. The State has completely destroyed sovereign from of government by elimination the fundamental foundation in VIOLATION: The Separation of Constitutional Doctrine.
 13. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of separation of powers and infringement of Administrative jurisdictional authority, under ABUSE of POWER and The Separation of Constitutional Doctrine when Mr. Gangale being arrested for "Operating Motor Vehicle while under the influence." on bicycle muscularly power, and which the O.B.M.V. issuance authority in a `driver's license' = means a class D license issued to any person to operate a motor vehicle or motor driven cycle, other than a commercial motor vehicle, and includes, "probationary license," "restricted license," and any operator's or chauffeur's license issued before January 1, 1990." the State of Ohio has granted "administrative power" of statutes other than its issuance powers of the `driver's license'.
 14. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of providing record of the proceedings, the incident and due process under Article I, Section 10 of the Ohio Constitution and under Amendment VI to the United States Constitution when the Dover police department refused Mr. Gangale a tape recorder to document this incident.
 15. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of being presented with a citation by having a Copy thereof, Official Summons, Equal Protection, Separation of Powers, deprived of liberty and property Under due process of law, Crim R 5 Article I, Section 10, 14 16 of the Ohio Constitution under Amendment I, IV, V, VI XIV to the United States Constitution when County jail personal [sic] presented Mr. Gangale with an ALS OMVI which failed to notify of the seizer of driver license, the seizer of the Bicycle, failed to properly summons the accused, and failed to present completed sworn document of the proceedings/accusation.
 16. THE PETITIONER, ANTONIO C. GANGALE CONSTITUTIONAL RIGHT of a mandatory initial pleadings under Ohio Criminal Rule 5, Article I, Section 10 14 of the Ohio Constitution and under Amendment IV, VI and XVI to the United States Constitution when on 8/12/1999 the court ORDERED individuals pleading Not Guilty to go in the hall.
 17. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of assistance of counsel for defense, Speedy Trial suppression hearing under Article I, Section 10 of the Ohio Constitution and under Amendment VI to the United States Constitution when Mr. Gangale was held to his own defense in filing of the dismissal, requests for discover, AND which the court presented O.R.C. 2945.72 requiring MR. Gangale to choose between a Suppression Hearing or Speedy Trial refused even to grant the entitled extension by statute in the related cause.
 18. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of due process under Article I, Section 10 14 of the Ohio Constitution and under Amendment IV, VI and XIV to the United States Constitution when the Judicial institution delayed then overruled ALS hearing issues in which the restricted police department proceedings, civil judgment by officers, overrule motions, uncontestable civil action yields criminal count and conviction of DUS.
 19. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of due process under Article I, Section 10 14 of the Ohio Constitution and under Amendment IV, VI and XIV to the United States Constitution when the Judicial institution GRANTS of driving rights after such convictions and presents them the 11-month of the 1-year suspension filed in a different case.
 20. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Due Process by being informed of the nature, CAUSE and have the compulsory process establishing Evidence supported by oath under Article 1, Section 01, 10, 14 16 of the Ohio Constitution and under Amendment IV, VI XIV and Preamble of the United States Constitution when Ptl. Mike Roden showed indications of Tampering with Evidence where the citations presented crash report Number 99-352 is missing which would establish the cause of incident.
 21. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of due process, the actual presented Probable Cause, Inalienable Rights, Rights of Conscience of Defending Independent Life and UnMirandized Custodial Interrogation under Article I, Section 01, 7, 10 14 of the Ohio Constitution and under Amendment I, IV, V, VI, XIV and Preamble of the United States Constitution when THE TRIAL COURT ERRED IN FINDING THAT THE PETITIONER CRASHED THE BICYCLE ON HIS OWN, by opinionated missing evidence, deciding an armed officer have standing to enter one person on issues of "aid" an individual in which "QUESTIONING" of only "Are you okay? yields justifiable entry while dismissing and overlooking examination actual presented probable cause, any criminal offence [sic], un-Mirandized custodial interrogation, being aware of false affirmations, absent evidence, Tampered Evidence, and possible Falsification, Perjury, 
Obstruction of Justice.
 22. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of equal protect under Article I, Section 01, 7 14 of the Ohio Constitution and under Amendment I, IV, V, VI, XIV and Preamble of the United States Constitution when the probable cause in the ALS action is not equal to the presented of the OMVI Action.
 23. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of an Impartial Court/District under Article I, Section 10 of the Ohio Constitution and under Amendment IV and XIV to the United States Constitution when the trial court failing to disclose that Patrolman Mike Roden has worked for the court which was under the authority of the opined Judge Mary Wade Space.
 24. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of having Accusations Supported by Oath Have a Copy thereof Under Ohio's Criminal Rule 3 Article I, Section 10 14 of the Ohio Constitution and under Amendment IV, VI and XIV to the United States Constitution when finding the official court's record indicates presented there WAS A CRASH with the crash report scribbled out, resulting in an injury and with one accompanying criminal charges in which Mr. Gangale's original indicates there was a crash with report 99-352, NONINJURY, without presenting any accompanying criminal charges.
 25. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of testimony supported by Oath under Perjury, Article I, Section 14 of the Ohio Constitution and under Amendment IV and XIV to the United States Constitution when Patrolman Mike Roden has given conflicting testimony in the Suppression Hearing regarding the crash and incident then the citation.
 26. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Petitioning the Government of Redress of Grievance under Article I, Section 10, 16 of the Ohio Constitution and under AMENDMENT I to the United States Constitution when the court destroyed the Judicial Institution by allowing the Clerk of Court to deny the "Official" presentment of an auctioning Petitions on 11/7/2000.
 27. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of impartial court and fair judicial proceedings under Article I, Section 1, 10 16 of the Ohio Constitution and under Amendment I, V, VI XIV to the United States Constitution when court has presented deceptive material by presented with countless unknown filings, accessed personal information disregarding freedom of information act or/and violation of national privacy act when the court acquired information on the accused's person and upon viewing clerk of court pulled out document from the OFFICIAL CASE FOLDER.
 28. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Unconstitutional Vague Statute and deprived of Equal Protection under Article I, Section 10 of the Ohio Constitution and under Amendment IV and XIV to the United States Constitution when the State held Mr. Gangale to undefined terms "influence" with is vague while granting others of some offence [sic] scientifically defined factual evidence.
 29. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF A Republican Form of Government, Judicial Due Process under Abuse of power, Article I, Section 10 of the Ohio Constitution and under Amendment IV, XIV and under Article IV, Section 4 of the United States Constitution when the county elected trial Judge Mary Wade Space, a high-elected authoritative Post, removed herself from proceedings for the appointment of hers spouse's position of Dover Law Director, a subordinate office, after the death of the law director, the presentment of the petition of remedy to the city and then places a stay in the cause last 6-months.
 30. THE PETITIONER, ANTONIO C. GANGALE WAS DENIED HIS CONSTITUTIONAL RIGHT OF impartial "district", of testimony supported by Oath, Judgement and accusations Supported by Oath Have a Copy thereof of a SWORN 
CERTIFIED BY NOTARY PUBLIC CIVIL ACTION Under Article I, Section 1, 10 16 of the Ohio Constitution and under Amendment I, V, VI XIV to the United States Constitution and the Separation of Constitutional Doctrine. when ALS was found to be altered found the OMVI case fold which was the State evidence in the DUS cause as well as, VIOLATIONS: of Falsification, Tampering with evidence, Obstruction of justice, obstruction of judicial proceedings, perjury, fraud.
 31. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF due process, redress in court under Article I, Section 10 16 of the Ohio Constitution and under Amendment I, IV, V, VI XIV to the United States Constitution when Visiting Justice William Todia denied presentment of civil action ALS ISSUES, overruled dismissal and order the issues MOST be in writing (open court was not acceptable) during pre-trial hearings.
 32. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of placement of grievances, defense in Person during Trial, to be informed of the Nature and Cause of the Accusation against him under Article I, Section 10, 14 16 of the Ohio Constitution and under Amendment I, VI IV XIV to the United States Constitution when the Visiting Judge denied the Mr. Gangale the right re-leave the counsel in the OMVI case and failing to present dismissal Charges of OMVI when it was found all Documentation of the incident have clear appears altered and falsified, never clarified the presenting charge or evidence, denied a bill of particulars.
 33. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of non-intimidation and harassment of individuals in Judicial Process under Article I of the Ohio Constitution and Bill of Rights the United States Constitution when the trial judge and counsel overlooked the Monday, May 7, 2001 Phone messages at Mr. Gangale's residents which show strong indication it came from the arresting officer.
 34. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT to Defense in Person During Trial under Article I, Section 10 16 of the Ohio Constitution and under Amendment IV, VI XIV to the United States Constitution when the Visiting Judge overrule Mr. Gangale's motion to have counsel withdraw even, when counsel chose NOT to deposition an exonerating witness, The Book in OFFICER on the Tuscarawas county jail. The BOOKING REPORT presented the accused was NOT under the influence at the same time the arresting officer.
 35. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Impartial Jury, Judicial Due process, Double Jeopardy, Call Witness in his behalf, presenting Evidence in his behalf, "Assistance or inadequate" Counsel for Defense, cruel and unusual punishment under Article I, Section 1, 9, 10 16 of the Ohio Constitution and under Amendment I, IV, V, VI XIV to the United States Constitution when there was an appointment of a Visiting Judge, where court mandated counsel, proceeded with trial known citation to information of falsification and perjury, the state's introduce evidence of the ALS CIVIL action notwithstanding was known to have issues of due process and Frauded, mandated counsel does not object, court allows it, the state presents countless pieces of deceptive information, countless appearance of perjured testimony, improper comments, denied the right to present the most exonerating piece of evidence, Denied Mr. Gangale to present the major issues with a witness.
 36. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Impartial Judicial Due process cruel and unusual punishment under Article I, Section 1, 9, 10 of the Ohio Constitution and under Amendment I, IV, V, VI XIV to the United States Constitution when appointment Visiting Judge William Todia EXPLAINED HIS RETIRED POSITION AND HE VIEW ON FOLLOW MANDATED LAW. (IT IS "RELIEVING.")
 37. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of being inform of all the statutory consequences of refusing to submit to the test, and due process under Article I, Section 10 14
of the Ohio Constitution and under Amendment IV and XIV
to the United States Constitution when the arresting officers failed to inform Mr. Gangale of all the consequences of a ALS refusal such as reinstatement fee and financial responsibility.
 38. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of Judicial Due Process, Separation of Powers under Article I, Section 10 14 of the Ohio Constitution and under Amendment IV and XIV to the United States Constitution when On 6/20/2001, Mr. Gangale receives a Notice of Suspension from OBMV for failing to show proof of financial responsibility On 7/13/2001, Mr. Gangale receives from OBMV "Driving Privileges Remain Suspended", Reinstatement fee and/or proof required case 19017109.
 39. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of access to Legislators under Article 1 Section 3 16 of The Ohio Constitution and Amendment I of U.S. Constitution when legislatures required the petitioner sign a waiver of privacy, deprived of Constitutional Right to access to law by restrains to Legislators or denying response in which it has created and erected multitudes of arbitrary subdivision of government with judicial power with no authoritative power the to remedy which design is for the sole purpose of fatiguing petitioners into compliance in VIOLATION of: The Ohio Constitution and United States Constitution.
 40. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of The Ohio Constitution, U.S. Constitution, Separation of Powers Due Process under Constitutional of doctrine when THE STATE OF OHIO created a "civil" arbitrary political subdivision with judicial powers and authorizes uncontrollable standing armed business having no requirements of fundamental rights, yet having "authority" to orchestrated a civil action claim and pronounced judgment all while in custody transforming the role of A State government to ARMED MILITANT arbitrary body in which such judgment yield fruits for the conviction of other Criminal Cases.
 41. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT OF A FREE STATE under Article 1 Section 04 of The Ohio Constitution, and under Amendment II, and Article 1 Section 8 CL. 12 of United States Constitution Right when Failing to dismiss Charges of OMVI on the grounds the Government maintained large bodies of armed man among us in the time of peace, Appropriation of Money for Terms longer than two Years to support standing Armies, has allowed the powers of civil control to be unregulated and self-governing, and embodied the enforcement of law to it's own.
 42. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of transcript record of the proceedings to the appeals court under Article I, Section 10 16 of the Ohio Constitution and under Amendment I, V, VI XIV to the United States Constitution when THE NEW PHILADELPHIA MUNICIPAL COURT is retraining from presenting the trial court's authorized stenographer, JILL AUL, the Initial Appearance, Dismissal Hearing, and Pre-trial hearings tapes presented in Judge William C. Todia signed ORDER on 7-12-01.
 43. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of a Speedy Trial under Article I, Section 10 of the Ohio Constitution and under Amendment VI XIV to the United States Constitution when appointed defense counsel followed the mandate by the court of waiving the Speedy Trial for the purposes of a Suppression Hearing.
 44. THE PETITIONER, ANTONIO C. GANGALE WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT of non-infliction of Cruel and "Unusual" Punishment under Article I, Section 9 of the Ohio Constitution and under Amendment VII to the United States Constitution when defense counsel chose to argued the suppression with out knowledge, informed of the missing crash report, restrained from presenting valid issues before the court, his own personal issues, and prosecuted Mr Gangale in the passed.
The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations to the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991),57 Ohio St.3d 56, 60.
In appellant's first assignment of error, he asserts that he was deprived of his First Amendment constitutional right when the trial court dismissed his claims against Patrolman Roden, Captain Everett, and the New Philadelphia Municipal Court. The Court of Claims is a court of limited jurisdiction. This court has previously noted that, "[p]ursuant to R.C. 2743.02(E), only the state is a proper defendant in the Court of Claims; individual officers are not." Graham v. Ohio Bd. of Bar Examiners (1994), 98 Ohio App.3d 620, 623. Therefore, we find that the trial court properly determined that it lacked jurisdiction to hear appellant's claims as it pertained to Patrolman Roden, Captain Everett, and the New Philadelphia Municipal Court.
In addition to dismissing appellant's complaint for lack of subject matter jurisdiction, the trial court also held that it lacked appellate jurisdiction over judgments of the New Philadelphia Municipal Court. The Court of Claims only has appellate jurisdiction to hear appeals of decisions of the Court of Claims commissioners. R.C. 2743.03(A)(1). In this case, appellant sought to have the Court of Claims determine whether fraud was committed in the New Philadelphia Municipal Court and the Fifth District Court of Appeals as a result of his conviction. There is no statutory authority or case law that states that the Ohio Court of Claims has jurisdiction to hear appeals from the New Philadelphia Municipal Court. Accordingly, the Court of Claims properly dismissed the case for lack of appellate jurisdiction.
Furthermore, appellant alleges in his first, second, third, fourth, fifth, tenth, eleventh, fifteenth, sixteenth, seventeenth, twentieth, twenty-first, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-eight, thirty-ninth, forty-first, forty-third, and forty-fourth assignments of error that he was deprived of his federal and state constitutional rights in his arrest and conviction. The state is liable in the Court of Claims "in accordance with the same rules of law applicable to suits between private parties." R.C. 2743.02(A)(1). More particularly, the state has consented to be sued in the Court of Claims in accordance with the same rules applicable to private persons. Since a private party cannot be held liable for the constitutional claims appellant asserts, his complaint is not within the jurisdiction of the Court of Claims. Thompson v. Southern State Community College (1989), Franklin App. No. 89AP-114; Bleicher v. Univ. of Cincinnati College of Med. (1992), 78 Ohio App.3d 302,306 (claims of constitutional violations and due process are not within the jurisdiction of the Court of Claims).
In this case, appellant's federal and state constitutional claims present no viable cause of action to be heard in the Court of Claims. Graham, supra, at 623; Thompson, supra. Accordingly, appellant's first, second, third, fourth, fifth, tenth, eleventh, fifteenth, sixteenth, seventeenth, twentieth, twenty-first, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-eight, thirty-ninth, forty-first, forty-third, and forty-fourth assignments of error are not within the jurisdiction of the Court of Claims, and, as such, are not well-taken and are overruled.
Also, in appellant's second and fourth assignments of error, he contends that he was deprived of a constitutional right when he was required to pay a $25 filing fee for the appeal. While trial courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the trial court's discretion whether indigency status is proper in a particular case. C.C.R. 2(B); Wilson v. Ohio Dept. of Rehab. Corr. (2000),138 Ohio App.3d 239; Daugherty v. Ohio Dept. of Human Servs. (2001), Franklin App. No. 00AP-1093. Absent an abuse of discretion, the trial court's imposition of filing fees should not be disturbed. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court may consider whether the party's affidavit of indigency includes sufficient information concerning his financial condition, whether additional information is required, and whether the affidavit appears to be reasonable under the existing conditions. Wilson, supra. In the present case, the trial court did not abuse its discretion by requiring appellant to pay a modest filing fee. Appellant was either required to pay the filing fee or file an affidavit of indigency. A careful review of the record reveals that appellant paid the $25 filing fee by a personal check. Since appellant did not file an affidavit of indigency, but, instead, opted to pay the $25 filing fee, appellant failed to demonstrate an indigent status, or a constitutional infringement. As such, we find appellant's argument is without merit. Accordingly, appellant's second and fourth assignments of error are not well-taken and are overruled.
Additionally, appellant's sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twenty-second, thirtieth, thirty-sixth, thirty-seventh, fortieth and forty-second assignments of error contain allegations that were not raised in his complaint. Appellant cannot raise any new issues for the first time on appeal. The failure to raise an issue at the trial level waives it on appeal. State v. Williams (1977), 51 Ohio St.2d 112; State v. Comen (1990), 50 Ohio St.3d 206, 211. As such, we overrule appellant's sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twenty-second, thirtieth, thirty-sixth, thirty-seventh, fortieth and forty-second assignments of error.
For the foregoing reasons, appellant's forty-four assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.